IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BIONIX DEVELOPMENT CORPORATION ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> SHONEY SCIENTIFIC, INC., ) <br> SURYAKANT SHONEY and ) <br> MADHURIKA SHONEY ) <br> ) <br> Defendants ) | CIVIL ACTION NO. _____ |

**COMPLAINT**

**Nature and Statutory Basis of Action**

1. This is an action for patent infringement pursuant to 35 U.S.C. §271.

**Parties**

2. Plaintiff, Bionix Development Corporation ("BIONIX") is an Ohio limited liability company having a principal place of business at 5154 Enterprise Blvd., Toledo, Ohio 43612.

3. Defendant, Shoney Scientific, Inc., ("SHONEY") is a Wisconsin corporation employing three (3) persons and having a principal place of business at W223, N720 Saratoga Drive, Waukesha, Wisconsin 53186, and which imports, offers to sell or sells ear curettes that infringe one or more patents owned by BIONIX.

4. Defendant, Suryakant Shoney ("SURY SHONEY") is an individual residing at 1875 Limerick Lane, Brookfield, Wisconsin, and is the owner and vice president of SHONEY, and who is directly involved in having made, importing, selling and offering for sale of the infringing ear curettes.

5. Defendant, Madhurika Shoney ("MADHU SHONEY") is an individual residing at 1875 Limerick Lane, Brookfield, Wisconsin, and is the owner and president of

SHONEY, and who is directly involved in having made, importing, selling and offering for sale of the infringing ear curettes.

**Jurisdiction and Venue**

6. Subject matter jurisdiction over this Complaint is expressly conferred on this Court under 28 U.S.C. §§1331 and 1338.

7. Personal jurisdiction is conferred upon this Court in that Defendant, SHONEY, is a Wisconsin corporation having a place of business in Wisconsin and this District, and in that Defendants, SURY and MADHU SHONEY, reside in Wisconsin and this District, and in that each Defendant conducts business by having made for them, importing, offering to sell, and/or selling ear curettes that infringe one or more of BIONIX patents within the State of Wisconsin and this District.

8. Venue is proper under 28 U.S.C. §1391 and 1400(b). At all times material, the Defendants have been conducting business within the State of Wisconsin and this District and the claims of patent infringement arose in this District.

**Statement of Relevant Facts**

9. BIONIX is engaged in a wide variety of businesses, including the development, manufacture and sale of ear curettes for use by physicians to remove wax from the outer ear canal and ear drum so that the physician can view the ear drum or canal to observe them for any problem such as inflammation or rupture. BIONIX ear curettes constitute a significant advancement over previous stainless steel curettes. BIONIX curettes are safer in that they are made of softer flexible plastic and are less likely to harm the ear canal or ear drum during use. BIONIX curettes are also disposable so that problems associated with cleaning and spread of infection via reuse of the curette are eliminated.

10. BIONIX owns U.S. Design Patent Nos. D415,275; D420,133; D439,338; D449,888; D450,676 (the BIONIX Patents), which cover its ear curette designs, copies of which are attached as **Exhibits A - E**.

11. On or about late September 2005, BIONIX learned that Defendants, without authorization by BIONIX, had induced others to duplicate BIONIX's ear curettes designs, and was importing and offering them for sale. A printout of the Defendants' web site showing their infringing knock-off ear curettes is attached as **Exhibit F**, including an enlargement of the web-site photograph showing the infringing ear curettes.

12. On information and belief, Defendants obtain the infringing knock-off ear curettes from a sister company in India, Shoney Scientific of India ("SHONEY-INDIA"), that is owned and operated by a relative of SURY and MADHU SHONEY. Printouts of pictures from SHONEY – INDIA's web site showing the knock-off ear curettes are attached as **Exhibit G**. On information and belief, Defendants have induced SHONEY-INDIA to make the infringing ear curettes and ship them into the United States.

13. On or about late September 2005, Dr. Andrew Milligan, the president of BIONIX, contacted SURY SHONEY to advise him and his company of BIONIX patent rights for various ear curettes shown on the Defendants' web site, and to request samples of the ear curettes being offered for sale on this web site.

14. SURY SHONEY told Dr. Milligan that the Defendants had been requested to produce the ear curettes shown on Defendants' web site by a specific company, but would not reveal the name of the company to Dr. Milligan. SURY SHONEY also told Dr. Milligan that Defendants are only supplying their ear curettes to this specific company. SURY SHONEY refused to sell or otherwise send BIONIX a sample of its ear curettes.

15. On information and belief, SURY and MADHU SHONEY are the alter ego of SHONEY, and have directly engaged in acts to induce others to infringe and to infringe the BIONIX patents.

16. Dr. Milligan made subsequent attempts to contact SURY SHONEY in late September 2005 to discuss this matter and left voice mail messages for the Defendants on their business telephone number, but SHONEY, SURY SHONEY and MADU SHONEY did not returned Dr. Milligan's calls.

17. BIONIX made further attempts in November and December 2005 to discuss this matter and obtain samples of the ear curettes shown on the defendants' and

SHONEY – INDIA's web sites. Defendants have repeatedly failed to produce those samples of the ear curettes shown on these web sites that resemble the BIONIX Patents. Defendants and SHONEY – INDIA continue to openly and publicly offer to sell their knock-off ear curettes. Printouts of Defendants' and SHONEY – INDIA's web sites dated January 16, 2006 are included in **Exhibits F** and **G**.

18. Instead, Defendants' now assert that a confidential agreement between BIONIX and Sklar Corporation somehow gives Defendants' the right to infringe and induce others to infringe the BIONIX Patents. Yet, this third party agreement does not mention Defendants, and does not give Sklar Corporation the right to outsource the manufacture of any product, particularly through a distributor importing the infringing product from an India manufacturer. Although requested, Defendants provide no explanation regarding how the asserted third party agreement gives Defendants the right to infringe and induce others to infringe the BIONIX Patents.

## COUNT I
## PATENT INFRINGEMENT

19. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 18 of this Complaint.

20. United States design Patent No. D415,275 (the '275 Patent) duly and legally issued on October 12, 1999 by the United States Patent and Trademark Office. (**Exhibit A**). BIONIX owns all right, title and interest to the '275 Patent and has the right to sue for infringement thereof.

21. The ear curette design covered by the '275 Patent has met with commercial success. BIONIX sells a curette covered by the '275 Patent, and has marked the product with the Patent No. D415,275 as provided in 35 U.S.C. §287 by affixing the patent number on the packaging for the product.

22. Defendants have been infringing the '275 Patent by having made for them, importing, offering for sale, and selling in the judicial district and elsewhere products embodying the invention of the '275 Patent and will continue to infringe the '275 Patent unless enjoined by this Court.

23. The infringement by Defendants has been done and will continue to be done willfully, wantonly and in bad faith.

24. As a direct and proximate result of the infringement by Defendants, BIONIX has suffered monetary damages.

25. Defendants will, unless preliminary and permanently enjoined, continue to engage in the aforementioned acts, which will cause irreparable damage to BIONIX. Further, unless such acts are enjoined, BIONIX will have no remedy at law to compel Defendants to cease such infringing acts.

## COUNT II
## PATENT INFRINGEMENT

26. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 25 of this Complaint.

27. United States design Patent No. D420,133 (the '133 Patent) duly and legally issued on February 1, 2000 by the United States Patent and Trademark Office. **(Exhibit B)**. BIONIX owns all right, title and interest to the '133 Patent and has the right to sue for infringement thereof.

28. The ear curette design covered by the '133 Patent has met with commercial success. BIONIX sells a curette covered by the '133 Patent, and has marked the product with the Patent No. D420,133 as provided in 35 U.S.C. §287 by affixing the patent number on the packaging for the product.

29. Defendants have been infringing the '133 Patent by having made for them, importing, offering for sale, and selling in the judicial district and elsewhere products embodying the invention of the '133 Patent and will continue to infringe the '133 Patent unless enjoined by this Court.

30. The infringement by Defendants has been done and will continue to be done willfully, wantonly and in bad faith.

31. As a direct and proximate result of the infringement by Defendants, BIONIX has suffered monetary damages.

32. Defendants will, unless preliminary and permanently enjoined, continue to engage in the aforementioned acts, which will cause irreparable damage to BIONIX.

Further, unless such acts are enjoined, BIONIX will have no remedy at law to compel Defendants to cease such infringing acts.

## COUNT III
## PATENT INFRINGEMENT

33. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 32 of this Complaint.

34. United States design Patent No. D439,338 (the '338 Patent) duly and legally issued on March 20, 2001 by the United States Patent and Trademark Office. (**Exhibit C**). BIONIX owns all right, title and interest to the '338 Patent and has the right to sue for infringement thereof.

35. The ear curette design covered by the '338 Patent has met with commercial success. BIONIX sells a curette covered by the '338 Patent, and has marked the product with the Patent No. D439,338 as provided in 35 U.S.C. §287 by affixing the patent number on the packaging for the product.

36. Defendants have been infringing the '338 Patent by having made for them, importing, offering for sale, and selling in the judicial district and elsewhere products embodying the invention of the '338 Patent and will continue to infringe the '338 Patent unless enjoined by this Court.

37. The infringement by Defendants has been done and will continue to be done willfully, wantonly and in bad faith.

38. As a direct and proximate result of the infringement by Defendants, BIONIX has suffered monetary damages.

39. Defendants will, unless preliminary and permanently enjoined, continue to engage in the aforementioned acts, which will cause irreparable damage to BIONIX. Further, unless such acts are enjoined, BIONIX will have no remedy at law to compel Defendants to cease such infringing acts.

## COUNT IV
## PATENT INFRINGEMENT

40. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 39 of this Complaint.

41. United States design Patent No. D449,888 (the '888 Patent) duly and legally issued on October 30, 2001 by the United States Patent and Trademark Office. (**Exhibit D**). BIONIX owns all right, title and interest to the '888 Patent and has the right to sue for infringement thereof.

42. The ear curette design covered by the '888 Patent has met with commercial success. BIONIX sells a curette covered by the '888 Patent, and has marked the product with the Patent No. D449,888 as provided in 35 U.S.C. §287 by affixing the patent number on the packaging for the product.

43. Defendants have been infringing the '888 Patent by having made for them, importing, offering for sale, and selling in the judicial district and elsewhere products embodying the invention of the '888 Patent and will continue to infringe the '888 Patent unless enjoined by this Court.

44. The infringement by Defendants has been done and will continue to be done willfully, wantonly and in bad faith.

45. As a direct and proximate result of the infringement by Defendants, BIONIX has suffered monetary damages.

46. Defendants will, unless preliminary and permanently enjoined, continue to engage in the aforementioned acts, which will cause irreparable damage to BIONIX. Further, unless such acts are enjoined, BIONIX will have no remedy at law to compel Defendants to cease such infringing acts.

47. Defendants will, unless preliminary and permanently enjoined, continue to engage in the aforementioned acts, which will cause irreparable damage to BIONIX. Further, unless such acts are enjoined, BIONIX will have no remedy at law to compel Defendants to cease such infringing acts.

## COUNT V

## PATENT INFRINGEMENT

48. Plaintiff incorporates by reference the allegation set forth in paragraph 1 through 47 of this Complaint.

49. United States design Patent No. D450,676 (the '676 Patent) duly and legally issued on November 20, 2001 by the United States Patent and Trademark Office. (**Exhibit E**). BIONIX owns all right, title and interest to the '676 Patent and has the right to sue for infringement thereof.

50. The ear curette design covered by the '676 Patent has met with commercial success. BIONIX sells a curette covered by the '676 Patent, and has marked the product with the Patent No. D450,676 as provided in 35 U.S.C. §287 by affixing the patent number on the packaging for the product.

51. Defendants have been infringing the '676 Patent by having made for them, importing, offering for sale, and selling in the judicial district and elsewhere products embodying the invention of the '676 Patent and will continue to infringe the '676 Patent unless enjoined by this Court.

52. The infringement by Defendants has been done and will continue to be done willfully, wantonly and in bad faith.

53. As a direct and proximate result of the infringement by Defendants, BIONIX has suffered monetary damages.

54. Defendants will, unless preliminary and permanently enjoined, continue to engage in the aforementioned acts, which will cause irreparable damage to BIONIX. Further, unless such acts are enjoined, BIONIX will have no remedy at law to compel Defendants to cease such infringing acts.

## Relief

BIONIX requests the following relief:

1. Judgment that U.S. Design Patent Nos. D415,275; D420,133; D439,338; D449,888; D450,676 ("the BIONIX Patents") are the property of BIONIX.

2. Judgment that Defendants have infringed U.S. Design Patent Nos. D415,275; D420,133; D439,338; D449,888; D450,676 by having made, importing and selling ear curettes that embody the BIONIX Patents.

3. That pursuant to 35 U.S.C. §283, Defendants be preliminarily and permanently enjoined from directly or indirectly making, having made, using, selling or importing ear curettes having an appearance similar to any of the BIONIX Patents.

4. That Defendants be required to revise their website to remove all reference to ear curette designs having an appearance similar to the ear curette designs shown in the BIONIX Patents.

5. That pursuant to 35 U.S.C. §284, an accounting be held and judgment rendered against Defendants:

    a) for all lost profits incurred by BIONIX due to the unauthorized importation, sale or use of the infringing products, or in the alternative, at least a reasonable royalty,

    b) for actual damages sustained by BIONIX on account of Defendants' infringement of the BIONIX Patents, including any price erosion, and

    c) that damages be trebled in view of the flagrant and willful character of Defendants' infringement.

6. For an assessment against each Defendant of the prejudgment and post judgment interest on profits, royalties and damages.

7. That pursuant to 35 U.S.C.§285, this case be found exceptional, and reasonable attorney's fees and costs, and interest on those fees and costs, be awarded BIONIX.

8. For such other and further relief as this Court may deem just and proper.

Dated: January 18, 2006

Respectfully submitted,

_____
JEFFREY S. SOKOL
Cook & Franke S.C.
660 East Mason Street
Milwaukee, Wisconsin 53202
414-271-5900
Attorney for Plaintiff